UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| MICHAEL VIEIRA<br>　　Plaintiff,<br><br>　　　　v.<br><br>RHODE ISLAND OFFICE OF<br>CHILD SUPPORT, et al.,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 24-cv-493-JJM-LDA |

ORDER

Michael Vieira filed this Complaint because of the suspension by the Rhode Island Department of Motor Vehicles (DMV) of his driver's license because, in its determination, he was not in compliance with a Family Court child support Order. (ECF No. 1.)  The Court, after conducting the initial screening review mandated by 28 U.S.C. § 1915 of his Motion to Proceed *in Forma Pauperis* (ECF No. 2), dismissed the Complaint and denied the Motion.  In the Court's opinion at the time, Mr. Vieira was seeking to raise issues over which this Court had no jurisdiction, pursuant to the "domestic relations" exception to federal jurisdiction.[1]

Mr. Vieira then filed a Motion for Reconsideration asserting that the Court had misunderstood the issue he raised.  (ECF No. 7.)  On reflection, and after careful

---

[1] The "domestic relations exception," was crafted by *Barber v. Barber,* 21 How. 582, 16 L. Ed. 226 (1859), as an exception to diversity jurisdiction.  28 U.S.C. § 1332. The Court assumes, as have other courts, that it applies to federal question jurisdiction as well. *Alexander v. Rosen,* 804 F.2d 1203, 1205 (6th Cir. 2015).  *See Mandel v. Town of Orleans,* 326 F.3 267, 271 (1st Cir. 2003) (reserving question in this Circuit).

1

review of the filings, the Court GRANTS the Motion for Reconsideration. Finding a plausible federal claim, the Court also GRANTS the Motion to Proceed *in Forma Pauperis*. (ECF No. 2).

Mr. Vieira alleges that even though the DMV grounded its suspension of his driver's license on a purported Family Court order, there was no such order, and he was not afforded procedural due process following the Fourteenth Amendment before that action was taken. He contends that when he attempted to obtain a copy of the supposed order, he was told none existed. His claim that no procedural due process, in the form of an opportunity at a hearing to contest whether he was in arrears, was afforded him states a federal question over which this Court has jurisdiction, and it states a plausible federal claim.

It is not clear at this stage whether Mr. Vieira maintains that the procedure required by R.I. Gen. Laws § 15-11.1-3 itself is insufficient to satisfy due process or whether in his particular case the statutory procedure was not followed.[2] In any event, the claim is that he was not afforded the pre-deprivation process that the suspension of a driver's license requires. *Lee v. State of Rhode Island,* 941 F. Supp. 750, 755-56 (D.R.I. 1996) (unless there is an imminent risk to the public that justifies immediate action, a meaningful opportunity to contest must precede the deprivation).

---

[2] Section 15-11.1-3 requires that the driver receive notice of the intention to suspend and that the court order that contains the obligation to pay be attached. If the driver contests whether they are following the order, and requests a family court hearing, the suspension must be stayed pending a family court decision after the hearing. R.I. Gen. Laws § 15-11/1-3(b).

2

The Court vacates the Order of dismissal of the Complaint (ECF No. 6), GRANTS the Motion for Reconsideration (ECF No. 7) and GRANTS In Forma Pauperis status (ECF No. 2). At this stage, the Court will reserve on the Motion to Appoint Counsel (ECF No. 4) until the issue Mr. Vieira raises is clarified. The DENIAL of the Motion for Temporary Restraining Order (ECF No. 5) is not vacated.

The Clerk is directed to make electronic service upon the defendants, in accordance with the agreement reached between the Court and the Rhode Island Attorney General.

IT IS SO ORDERED:

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.,
Chief Judge
United States District Court

January 31, 2025