UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**Michael Vieira, Plaintiff**

V.

**The Rhode Island Office of Child Support Services (OCSS), Defendant**

**CIVIL ACTION NO.: 1:24-cv-00493-JJM-LDA**

**PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL**

**Now comes** Plaintiff, Michael Vieira, and respectfully moves this Honorable Court to reconsider its Order dated May 28, 2025, dismissing this action and closing the case. In support of this Motion, Plaintiff states the following:

**1. Introduction**

Plaintiff filed this action to seek federal intervention and protection against an imminent violation of his constitutional rights by the State of Rhode Island, specifically the Office of Child Support Services (OCSS). The agency initiated proceedings that would have **automatically suspended Plaintiff's driver's license and vehicle registration** unless he proactively filed a motion to Stay—placing the burden on Plaintiff to prevent a government action before it occurred.

This process bypasses the foundational principles of procedural due process, where notice and an opportunity to be heard should precede any deprivation of rights. Plaintiff respectfully submits that this case was dismissed prematurely without a fair chance to fully present his legal claims, particularly as a pro se litigant navigating a complex constitutional issue without adequate assistance.

**2. Plaintiff Filed a Complaint with Constitutional Claims**

Plaintiff believed that by filing the complaint, he had sufficiently stated his constitutional claim. He explicitly alleged that the OCSS threatened to suspend his license and registration without first providing adequate notice, a hearing, or any meaningful opportunity to challenge the action through an accessible process. This constitutes a classic due process concern under the Fourteenth Amendment.

Rather than receiving notice of a hearing for a judge to decide before the deprivation, Plaintiff was required to initiate legal action after receiving a warning of impending suspension, placing the burden of defense entirely on him. This process essentially made Plaintiff responsible for stopping the state from violating his rights, rather than ensuring those rights were protected from the outset.

Plaintiff contends that this system not only reverses the constitutional order but also disregards the foundational principle of checks and balances, thereby failing to provide fair procedure. The Court's dismissal suggests that the claim was not "plausibly" presented, but Plaintiff was doing his best with limited resources and a lack of legal expertise.

**3. Plaintiff Requested Counsel and Received No Meaningful Assistance**

Plaintiff formally requested the appointment of counsel under 28 U.S.C. § 1915(e)(1), explaining that he lacked the ability to present constitutional arguments adequately due to the complexity of the issues and his limited legal experience.

In response, the Court arranged for an attorney to contact Plaintiff. However, the attorney informed Plaintiff that he does not handle these types of cases and declined involvement. No further efforts were made to assist Plaintiff in obtaining representation. This interaction left Plaintiff effectively unrepresented, without any meaningful assistance navigating the litigation.

Given the constitutional nature of the claims and the potential systemic implications, Plaintiff respectfully contends that the Court should have given greater weight to his request or at minimum ruled on the motion formally.

**4. The Role of the Federal Judiciary and the Principle of Checks and Balances**

This Court, as part of the federal judiciary, has an affirmative duty not only to apply procedural standards, but also to safeguard constitutional rights and ensure that no branch of government operates without accountability.

Plaintiff respectfully argues that both the state and this Court have failed to acknowledge and uphold one of the most basic and essential concepts of the United States government: **Checks and Balances**. This doctrine exists to ensure that executive agencies, including state child support enforcement offices, cannot act in ways that strip individuals of fundamental rights without oversight or remedy.

Plaintiff's claim was—and remains—an appeal to that principle. Where a citizen alleges that state power has exceeded constitutional limits, federal courts must be especially cautious not to dismiss such claims without fair and complete review.

**Plaintiff respectfully requests that the Court:**

1. **Reconsider its Order of Dismissal** dated May 28, 2025;
2. **Reopen the case** to allow Plaintiff to file an amended complaint with more specific factual allegations;
3. **Formally address the request for appointment of counsel** in light of the constitutional claims raised and the challenges presented by pro se litigation;
4. **Recognize the constitutional significance** of the alleged state actions and the federal court's role in checking abuses of government power.

In the interest of justice and to ensure meaningful review of constitutional claims, Plaintiff urges this Court to grant reconsideration and permit this case to proceed.

**Respectfully submitted,**

**Michael Vieira, Pro Se**

718 Central Ave

Johnston, RI 02919

Tel: 401-492-9950

Email: mikevieira1@gmail.com

**Dated:** 5/31/2025