UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **Michael Vieira** : | |
| *Plaintiff,* : | |
| : | |
| v. : | C.A. No. 1:24-cv-00493-JJM-LDA |
| : | |
| **The Rhode Island Office of Child** : | |
| **Support Services; Walter Craddock;** : | |
| **and Frank DiBiase** : | |
| *Defendant.* : | |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants, the Rhode Island Office of Child Support Services, Walter Craddock, and Frank J. DiBiase, (collectively, the "State Defendants"), hereby object to the Motion for Reconsideration filed by Plaintiff Michael Vieira ("Plaintiff"). This Court's Text Order of May 28, 2025 (the "Order") granted the Defendants' Motion to Dismiss all claims against them in Plaintiff's Complaint as "Plaintiff has failed to state plausible facts that would support a due process claim." *See* Text Order dated May 28, 2025. Plaintiff now seeks reconsideration of that Order, arguing "that the case was dismissed prematurely without a fair chance to fully present his legal claims, particularly as a pro se litigant navigating a complex constitutional issue without adequate assistance." ECF 17 at 2. Because Plaintiff simply offers conclusory allegations of a due process claim stemming from an alleged disregard for checks and balances, which the Court has already held to be insufficient to state a viable claim against the Defendants, the Motion for Reconsideration should be denied.

"The granting of a Motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Id.* "A

Motion for Reconsideration 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *Fábrica de Muebles J.J. Álvarez, Incorporado v. Inversiones Mendoza, Inc.*, 682 F.3d 26, 31 (1st Cir. 2012) (quoting *Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir. 1997)).

Plaintiff falls well short of that demanding standard. In his Motion, Plaintiff asserts he filed a Complaint with Constitutional Claims as OCSS allegedly threatened to suspend his license and registration without providing adequate notice, a hearing, or an opportunity to challenge the action. ECF 17 at 2. Further, Plaintiff alleges that this Court has a duty to safeguard the concept of checks and balances. *Id.* at 3-4. And finally, Plaintiff alleges he requested counsel, however counsel declined involvement and Plaintiff remains unrepresented. *Id*. at 3.

Plaintiff's argument fails on multiple grounds. To begin with, Plaintiff does not offer "newly discovered evidence" that was not previously available. *Palmer*, 465 F.3d at 30. There is no reason why Plaintiff could not have squarely advanced these new contentions in his Complaint or in response to the Defendants' Motion to Dismiss. On December 10, 2024, this Court completed a mandatory review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See* Court's Order, ECF 6. This Court found Plaintiff to be essentially challenging the impact of the state Family Court action through his claims, which limits the federal court's jurisdiction pursuant to the domestic relations exception and *Rooker-Feldman* doctrine. *See* Court's Order, ECF 6. The Court dismissed the Complaint. *See* Court's Order, ECF 6. Subsequently, Plaintiff filed a Motion for Reconsideration. *See* ECF 7. Plaintiff asserted that his Complaint is alleging the violation of his procedural due process rights by taking actions, including the suspension of his driver's license and reporting arrearages to credit bureaus without a valid court order, a hearing, or proper notice. ECF 7 at page 2. Upon review of the Motion for Reconsideration, this Court found Plaintiff's claim

that no procedural due process, in the form of an opportunity at a hearing to contest whether he was in arrears, is a federal question over which the Court has jurisdiction. ECF 8 at page 2. However, Plaintiff now contends he has more specific factual allegations to meet the standard of plausibility. ECF 8 at page 2. But Plaintiff's attempt to allege he has additional, specific information to provide at this stage is fatal. "A party who sits in silence[ ][and] withholds potentially relevant information . . . does so at his peril." *Aybar*, 118 F.3d at 16 (alterations in original). The Court can and should deny Plaintiff's Motion for reconsideration on that basis alone.

Even if the Court were to consider Plaintiff's belated contentions, they provide absolutely no basis for reconsidering the dismissal of Plaintiff's claims against the Defendants. The finding in the Court's Order was that the Complaint lacked factual allegations supporting a plausible inference that a due process claim was presented. *See* Text Order dated May 28, 2025. Plaintiff's Motion for Reconsideration does nothing to fill in those gaps — no new information is provided in the Motion that was not provided in Plaintiff's previous Motion for Reconsideration regarding the initial screening dismissal. The Court was entirely correct to reject the Complaint's conclusory allegations that the Defendants was a violation of due process, and its decision to do so falls well short of a "manifest error of law." *Palmer*, 465 F.3d at 30.

Moreover, the Court was entirely correct to deny Plaintiff's Motion for Appointment of Counsel (ECF 4) as Plaintiff did not, and has not, provided any evidence of exceptional circumstances justifying the appointment of counsel. Although the Court initially denied Plaintiff's Motion for Counsel on March 18, 2025, the Court subsequently conditionally appointed Pro Bono Counsel on April 23, 2025. After consultation, Pro Bono Counsel declined the appointment. ECF 14. However, Plaintiff did not file another Motion to Appoint Counsel after the declining of the appointment. Thus, Plaintiff's Motion for Reconsideration is not a vehicle for him to undo a

3

procedural failure. As a result, the State Defendants respectfully request that the Court deny Plaintiff's Motion for reconsideration.

Respectfully submitted,

Defendants,

Rhode Island Office of Child Support Services; Walter Craddock, in his official capacity only; and Frank J. DiBiase, in his official capacity only,

By,

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Marissa Pizaña*
Marissa Pizaña (#10468)
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Tel: (401) 274-4400, Ext. 2055
Fax: (401) 222-2995
mpizana@riag.ri.gov

**CERTIFICATION**

I, the undersigned, hereby certify that I filed and served the within via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF System to counsel of record on this 11th day of June, 2025. A copy has also been sent by first class mail, postage prepaid to:

Michael Vieira
718 Central Ave.
Johnston, Rhode Island, 02919

*/s/ Marissa D. Pizaña*

4